UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OHIO
AKRON DIVISION

| | |
|---|---|
| HOLDEN T. SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>ORIONS MANAGEMENT GROUP, LLC<br><br>    Defendant. | Case No. 5:22-cv-00145 |

## COMPLAINT

**NOW COMES**, HOLDEN T. SMITH ("Plaintiff"), through his undersigned counsel, complaining of ORIONS MANAGEMENT GROUP, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and Regulation F ("Reg F"), 12 CFR 1006 *et seq.*

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

4. HOLDEN T. SMITH ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Stow, Ohio.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. ORIONS MANAGEMENT GROUP, LLC ("Defendant") is a limited liability company with its principal place of business located in Anaheim, California.

1

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another; and (2) it regularly collects consumer debt owed to others.

## FACTUAL ALLEGATIONS

8. In or around 2003, Plaintiff applied and was approved for a Kay Jewelers credit card.

9. Plaintiff used the credit card to purchase personal items.

10. Unfortunately, in September 2018, Plaintiff encountered financial difficulty and was unable to make further payments to Kay Jewelers, leaving a balance of $763.31 ("subject debt").

11. The subject debt was then sent to Defendant for collections after it was allegedly in default.

12. In or around December 2021, Plaintiff started receiving collection calls from Defendant attempting to collect the subject debt.

13. Defendant would call from unknown numbers and leave voicemails for Plaintiff requesting a return phone call.

14. Defendant also placed numerous phone calls to Plaintiff's fiancé, Emily, requesting location information regarding Plaintiff, including Plaintiff's phone number and address.

15. Emily did not provide Plaintiff's phone number to Defendant because Defendant clearly had Plaintiff's phone number – Defendant was already contacting Plaintiff on his cellular phone.

16. On January 21, 2022, Plaintiff placed a phone call to Defendant.

17. During this phone call, Plaintiff requested that the phone calls to himself and his fiancé stop.

18. Defendant's representative acknowledged Plaintiff's revocation and stated that the phone numbers would be removed from Defendant's database.

19. Unfortunately, these phone calls persisted to both Plaintiff *and* his fiancé, Emily.

20. Specifically, Emily received a phone call and voicemail from Defendant on January 24, 2022 – after Plaintiff's revocation request.

21. Defendant placed its collection calls from an unknown number and left voicemails requesting a return phone call to numbers including but not limited to (714) 683-0933.

22. Frustrated with Defendant's harassing behavior, Plaintiff obtained counsel to help resolve this matter.

## CLAIMS FOR RELIEF

### COUNT I:
### Violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq*.)

23. All previous paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**a. Violations of FDCPA § 1692b**

24. Pursuant to § 1692b(3) of the FDCPA, a debt collector is prohibited from "communicating with any person other than the consumer for the purpose of acquiring location information about the consumer . . .(3) more than once unless requested to do so." 15 U.S.C. §1692b(3).

25. As set forth above, Defendant contacted Plaintiff's fiancé, Emily, on more than one occasion attempting to gather location information about Plaintiff.

26. As set forth above, Defendant's phone calls to Emily persisted even after Plaintiff spoke with Defendant and requested that all contact cease with himself and with Emily.

27. Defendant violated §1692b(3) of the FDCPA by placing more than one phone call to Emily attempting to contact Plaintiff; moreover, Defendant continued to contact Emily even after Plaintiff requested that the phone calls cease.

**b. Violations of FDCPA § 1692c**

28. Pursuant to § 1692c(a)(1) of the FDCPA, a debt collector is prohibited from contacting a consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer…" 15 U.S.C. §1692c(a)(1).

29. As set forth above, Plaintiff requested that Defendant cease its collection calls to his and his fiancé's cellular phones.

30. Despite being notified that its collection calls were unwanted, Defendant made the conscious decision to continue its harassing phone calls, which were clearly inconvenient to Plaintiff and his fiancé.

31. Defendant violated § 1692c(a)(1) by placing numerous collection calls to Plaintiff's and his fiancé's cellular phone numbers at a time Defendant knew to be inconvenient for Plaintiff and his fiancé.

32. In other words, since Plaintiff and his fiancé did not want *any* calls from Defendant, any call placed after the cease request was known by Defendant to be an inconvenient time for Plaintiff and his fiancé.

### c.  Violations of FDCPA § 1692d

33. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d.

34. Section 1692d(5) of the FDCPA prohibits a debt collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. §1692d(5)

35. Defendant violated §§ 1692d and d(5) by placing numerous collection calls to Plaintiff's and Emily's cellular phone numbers after being requested to cease the unwanted calls.

36. Defendant's conduct in systematically placing unwanted calls to Plaintiff's and Emily's cellular phone numbers is inherently harassing and abusive.

37. Defendant's collection calls to Plaintiff and Emily were made with the specific intent of annoying, harassing, and abusing Plaintiff as Plaintiff informed Defendant that he no longer wished Defendant to contact him or Emily on their cellular telephones.

38. The fact that Defendant knowingly placed calls to Plaintiff and Emily after Plaintiff requested that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

**WHEREFORE**, Plaintiff, HOLDEN T. SMITH, requests that this Honorable Court enter judgment in his favor as follows:

    A.    Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

    B.    Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;

    C.    Awarding Plaintiff his costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

    D.    Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II:**
**Violations of Regulation F**
**(12 CFR 1006 *et seq.*)**

39.    All previous paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

    **a. Violations of Reg. F §1006.6**

40.    Pursuant to §1006.6(b)(1)(i) of Regulation F, a debt collector is prohibited from communicating "with a consumer in connection with the collection of any debt: (i) at any unusual time, or at a time that the debt collector knows or should know is inconvenient to the consumer." 12 CFR §1006.6(b)(1)(i).

41.    As set forth above, Plaintiff requested that Defendant cease its collection calls to his and Emily's cellular phones.

42.    Despite being notified that its collection calls were unwanted, Defendant made the conscious decision to continue its harassing phone calls, which were clearly inconvenient to Plaintiff and Emily.

43. Defendant violated § 1006.6(b)(1)(i) by placing numerous collection calls to Plaintiff's and Emily's cellular phone numbers at a time Defendant knew to be inconvenient for Plaintiff and Emily.

44. In other words, since Plaintiff and Emily did not want *any* calls from Defendant, any call placed after the cease request was known by Defendant to be an inconvenient time for Plaintiff and Emily.

   b. **Violations of Reg. F §1006.10**

45. Pursuant to §1006.10(c) of Regulation F, "a debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer must not communicate more than once with such person…" 12 CFR §1006.10(c).

46. As set forth above, Defendant contacted Plaintiff's fiancé, Emily, on more than one occasion attempting to gather location information about Plaintiff.

47. As set forth above, Defendant's phone calls to Emily persisted even after Plaintiff spoke with Defendant and requested that all contact cease with himself and with Emily.

48. Defendant violated §1006.10(c) of Regulation F by placing more than one phone call to Emily attempting to contact Plaintiff; moreover, Defendant continued contacting Emily even after Plaintiff requested that the phone calls cease.

   c. **Violations of Reg. F §1006.14**

49. Pursuant to §1006.14(a) of Regulation F, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse and person in connection with the collection of a debt." 12 CFR 1006.14(a).

50. Section 1006.14(b)(1) of Regulation F states that "a debt collector must not place telephone calls or engage any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 12 CFR §1006.14(b)(1).

51. Defendant violated §§1006.14(a) and 1006.14(b)(1) of Regulation F by placing numerous collection calls to Plaintiff's and Emily's cellular phone numbers after being requested to cease the unwanted calls.

52. Defendant's conduct in systematically placing unwanted calls to Plaintiff's and Emily's cellular phone numbers is inherently harassing and abusive.

53. Defendant's collection calls to Plaintiff and Emily were made with the specific intent of annoying, harassing, and abusing Plaintiff as Plaintiff informed Defendant that he no longer wished Defendant to contact him or Emily on their cellular telephones.

54. The fact that Defendant knowingly placed calls to Plaintiff and Emily after Plaintiff requested that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

55. As pled above, Defendant's harassing collection activities have injured Plaintiff.

**WHEREFORE**, Plaintiff, HOLDEN T. SMITH, requests that this Honorable Court enter judgment in his favor as follows:

A. Declaring that the practices complained of herein are unlawful and violate Regulation F, therefore violating the Fair Debt Collection Practices Act;
B. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying violations;
C. Awarding Plaintiff his costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and
D. Awarding any other relief as this Honorable court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Date: January 27, 2022　　　　　　　　　　Respectfully submitted,

**HOLDEN T. SMITH**

By: /s/ *Marwan R. Daher*

Marwan R. Daher, Esq.
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-537-1770
mdaher@sulaimanlaw.com